# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JAMES LEE, | : | Case No. 3:14-cv-00291 |
| | : | |
| Plaintiff, | : | District Judge Walter H. Rice |
| | : | Magistrate Judge Sharon L. Ovington |
| vs. | : | |
| | : | |
| NANCY A. BERRRYHILL, | : | |
| Commissioner Of The Social | : | |
| Security Administration, | : | |
| | : | |
| Defendant. | : | |

# REPORT AND RECOMMENDATIONS[1]

This case is before the Court upon a Motion For Allowance Of Attorney Fees filed by Plaintiff's counsel (Doc. #19), the Commissioner's Response (Doc. #20), Plaintiff's Counsel's Reply (Doc. #21), and the record as a whole.

Before this case began, Plaintiff and his counsel entered into a written contingency-fee agreement. The agreement documented Plaintiff's agreement to pay attorney fees in the amount of 25% of any lump sum award for past-due Social Security benefits payable to him. The agreement also documented counsel's willingness to work on a contingency-fee basis. This resulted in counsel's acceptance of the risk he would recover zero attorney fees in the event Plaintiff received no past-due benefits. *See* Doc. #19, *PageID* #779.

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

As this case proceeded, Plaintiff established that a remand for payment of benefits was warranted, and Judgment was entered accordingly. The Social Security Administration awarded Plaintiff past-due benefits in a lump sum of $94,243.00. *Id*. at 780. The Social Security Administration has withheld $30,129.00 from Plaintiff's past-due benefits for payment of attorney fees. *Id*. at 781.

Relying on 42 U.S.C. § 406(b), Plaintiff's counsel presently seeks approval of a $17,550.00 award of attorney fees from the funds withheld from Plaintiff's past-due benefits. The attorney-fee award Plaintiff's counsel seeks, if granted, would result in an award based on a hypothetical hourly rate of $675.00 ($17,550.00 ÷ 26 hours = $675.00).

The Commissioner seeks a reduction of this hourly rate to $400.00 per hour.

Section 406(b) authorizes this Court to award attorney's fees when a plaintiff brings a successful challenge to the Social Security Administration's denial of his or her application for benefits. *See Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 856 (6th Cir. 1997). The award may not exceed 25% of the past-due benefits that the plaintiff received as a result of the successful challenge. *See id*.; *see also* 42 U.S.C. § 406(b)(1).

To succeed under § 406(b), the plaintiff's counsel must show, and the court must affirmatively find, that the contingency fee sought—even one within the 25% cap—is reasonable for the services rendered. *Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002); *see Lasley v. Comm'r of Soc. Sec*., 771 F.3d 308, 309 (6th Cir. 2014). Section 406(b) "does not displace contingent-fee agreements" but instead "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht,* 535 U.S. at 807.

To determine whether an award under § 406(b) is reasonable, a floor/ceiling approach guides the way. The ceiling is § 406(b)'s 25% cap, which "accords a rebuttable presumption of reasonableness to contingency agreements that comply with § 406(b)'s 25%-cap." *Lasley*, 771 F.3d at 309. The floor is "[the] hypothetical rate that is twice the standard rate for such work in the relevant market." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1991). "'[A] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable ...'" *Lasley*, 771 F.3d at 309 (quoting *Hayes*, 923 F.2d at 421).

Within the range set by this floor and this ceiling, "a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable.'" *Lasley*, 771 F.2d at 309 (quoting *Hayes,* 923 F.2d at 421). Courts may consider arguments attacking the rebuttable presumption of reasonableness that attaches to awards above the double-the-standard-rate floor and below the 25% statutory ceiling. *Id*. at 309.

"Reasonableness" remains the heart of the matter. And, care must be taken to consider the presumption a rebuttable—not a strict—presumption of reasonableness. *Lasley*, 771 F.2d at 309 (noting, "*Gisbrecht* ... elides strict presumptions altogether."). Reducing a sought-after award is warranted to avoid windfalls especially "'[i]f the benefits are large in comparison to the amount of time counsel spent on the case ....'" *Id*. at 310 (quoting *Gisbrecht*, 535 U.S. at 808).

The award Plaintiff's counsel requests, $17,550.00, is reasonable and not a windfall. The amount of attorney fees he seeks is far less than 25% of Plaintiff's past-due benefits , or

$23,560.75 ( $94,243.00 x .25 = $23,560.75), awarded by the Social Security Administration.

The parties correctly calculate that Plaintiff's counsel proposes a hypothetical hourly rate of $675.00 ($17,550.00 /26 hours = $675.00). Viewing this as the product of the applicable multiplier of 2, *see Hayes*, 923 F.2d at 422, translates to an hourly rate of $337.50. This is below the hourly rates and the hypothetical hourly rates permitted in a number of well-reasoned decisions in this District. *See, e.g., Jodrey v. Comm'r of Soc. Sec.*, No. 1:12-cv-725, 2015 WL 799770, at *3-4 (S.D. Ohio Feb. 25, 2015) Report and Recommendation (Litkovitz, M.J.), *adopted,* 2015 WL 1285890 (S.D. Ohio Mar. 19, 2015) (Barrett, J.) (approving hypothetical hourly rate of $700.00); *Havens v. Comm'r of Soc. Sec.*, No. 2:12-cv-637, 2014 WL 5308595, at *2 (S.D. Ohio Oct. 16, 2014) Report and Recommendation (Kemp, M.J.), *adopted*, 2014 WL 6606342 (S.D. Ohio Nov. 20, 2014) (Smith, J.) (approving hypothetical hourly rate of $750.00); *Metz v. Comm'r, Soc. Sec. Admin.*, 2014 WL 1908512, at *1-2 (S.D. Ohio 2014) (Black, D.J.) (approving hypothetical hourly rate of $780.25); *see also Pickett v. Astrue*, 2012 WL 1806136, at *2 (S.D. Ohio 2012) (Black, D. J.) (approving hypothetical hourly rate of approximately $709).

In addition, the $675.00 per hour hypothetical award is reasonable in this case in light of the excellent results Plaintiff's counsel obtained in this case. This is seen both in the remand he obtained from this Court and in the fact that remand resulted in the award to Plaintiff of a large amount of past-due benefits. *See Ackles v. Berrryhill*, 3:14cv00249, 2017 WL 1755607, at *2 (S.D. Ohio 2017). Additionally, counsel for social security plaintiffs bear the risk—due to contingent nature of their fee agreements—of not recovering

4

any attorney fees for their efforts.  Because of this, even a somewhat elevated hourly rate would not become unreasonable under § 406(b) when counsel's skillful work produces significant benefits for the plaintiff.  *See Willis v. Comm'r of Soc. Sec.,* 2014 WL 2589259, at *6 (S.D. Ohio 2014) (Barrett, D.J.)

The Commissioner points out that there appears to be a trend in cases within this District awarding fees above $360.00 per hour.  The Commissioner also recognizes that the hourly rate of $400 may be the new maximum in this jurisdiction.  Although the cases the Commissioner relies are in line with these proposed rates, the above-cited cases are contrary to setting the possible maximum hourly rate in this district at $400 per hour.

Accordingly, the hypothetical hourly rate requested by Plaintiff's counsel is reasonable and will not result in a windfall.

## IT IS THEREFORE RECOMMENDED THAT:

1. The Motion For Allowance Of Attorney Fees filed by Plaintiff's counsel (Doc. #19) be GRANTED, and the Commissioner be directed to pay Plaintiff's attorney fees pursuant to 42 U.S.C. § 406(b) in the total amount of $17,550.00;

2. Plaintiff's counsel be ordered to refund directly to Plaintiff the amount of attorney fees ($4,300.00) previously paid to her counsel under the  Equal Access to Justice Act; and

3. The case remain terminated on the docket of this Court.


October 24, 2017                              *s/Sharon L. Ovington*
                                             Sharon L. Ovington
                                             United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with this Report and Recommendations.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).