IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES DAVID LEE,

    Plaintiff,

v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

    Defendant.

Case No. 3:14-cv-291

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #22);
OVERRULING DEFENDANT'S OBJECTIONS THERETO (DOC. #23);
SUSTAINING PLAINTIFF'S MOTION FOR ALLOWANCE OF
ATTORNEY FEES (DOC. #19); AWARDING ATTORNEY FEES IN THE
AMOUNT OF $17,550.00; ORDERING PLAINTIFF'S COUNSEL TO
REFUND TO PLAINTIFF THE $4,300.00 PREVIOUSLY PAID UNDER
THE EQUAL ACCESS TO JUSTICE ACT; CASE TO REMAIN
TERMINATED

---

On October 24, 2017, United States Magistrate Judge Sharon L. Ovington issued a Report and Recommendations, Doc. #22, in which she recommended that the Court sustain Plaintiff's Motion for Allowance of Attorney Fees, Doc. #19, and order Defendant to pay $17,550.00 in attorney fees pursuant to 42 U.S.C. § 406(b). She also recommended that the Court order Plaintiff's counsel to refund directly to Plaintiff the $4,300.00 in attorney fees previously paid under the Equal Access to Justice Act ("EAJA").

This matter is currently before the Court on Defendant's Objections to the Report and Recommendations, Doc. #23. Defendant argues that the $17,550.00 contingency fee award for 26 hours of work, equating to a hypothetical hourly rate of $675.00, constitutes a windfall to Plaintiff's counsel, and that Magistrate Judge Ovington's justification for such a large award is erroneous.

**A.**

The relevant statute permits the court to award a "reasonable fee . . . not in excess of 25 percent of the total of the past due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). The Sixth Circuit has held that "a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1991). If the hypothetical hourly rate is equal to or greater than twice the standard rate, the court may consider reducing it if "1) the attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." *Id.* at 419.

Courts serve as an "independent check" of the reasonableness of a fee request that is the product of a contingent-fee agreement. Plaintiff's counsel bears the burden of showing "that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

Here, Magistrate Judge Ovington noted that Plaintiff and his attorney had agreed that attorney fees would be equal to 25% of any lump sum award that the Plaintiff received. Here, the $17,550.00 in requested attorney fees was considerably less than 25% of the $94,243.00 that Plaintiff was awarded in past-due benefits. Given that counsel spent 26 hours working on the case, this resulted in a hypothetical hourly rate of $675.00. Magistrate Judge Ovington found this to be a reasonable rate. She explained that, under *Hayes*, if this amount is viewed as the product of the applicable multiplier of 2, this translates to a "standard rate" of $337.50 per hour. She cited to numerous opinions from this District in which judges have approved hypothetical hourly rates above $700.00. Doc. #22, PageID##806-07 (collecting cases).

Magistrate Judge Ovington also found that the hypothetical hourly rate of $675.00 was reasonable based on "the excellent results Plaintiff's counsel obtained in this case," and on the risk inherent in contingency fee contracts. *Id.* at PageID##807-08.

Relying heavily on *Lasley v. Commissioner of Social Security*, 771 F.3d 308 (6th Cir. 2014), Defendant objects to Magistrate Judge Ovington's findings. In *Lasley*, the district court held that plaintiff's counsel's request for a $26,049.73 contingency fee constituted a windfall. Counsel had worked 35.5 hours on the case, resulting in an hourly rate of $733.80. The district court had reduced the fee to $12,780.00, or $360.00 per hour. Other factors considered by the district court included "the delay in filing the § 406(b) motion, the Commissioner's

3

opposition to the fee, and the 'brevity' and 'relative simplicity' of the representation." *Id.* at 310.

The Sixth Circuit found no abuse of discretion. It noted that the hourly rate of $733.80 "grossly exceeded—indeed, more than quadrupled—the standard rates applied to social security fee requests in the Southern District of Ohio." *Id.* In support of this statement, the court cited to one district court case in which the court applied a "'conservative' hourly rate of $180," and another in which the district court had applied an hourly rate of $165.00, equivalent to the rate approved in counsel's request for fees under the EAJA. *Id.*

Defendant maintains that this case is analogous to *Lasley*. The hypothetical hourly rate of $675.00 is more than four times the EAJA hourly rate of $163.81 to which the parties stipulated. Docs. ##17, 18. Defendant cites to several recent cases in which judges in this District have approved hypothetical hourly rates in the range of $360.00-$400.00. This is approximately twice the standard EAJA hourly rate. Doc. #23, PageID##812-14 (collecting cases). Defendant asks the Court to reduce the hypothetical hourly rate from $675.00 to $400.00 and award a total of not more than $10,500.00 in attorney fees.

Defendant also argues that, as in *Lasley*, the issues involved in this case were not complex and, the large size of the award was attributable not so much to counsel's legal abilities, but to the fact that six years elapsed between the filing of

4

the application and the award of benefits. Defendant maintains that, under these circumstances, the requested fees are unreasonable.

**B.**

In deciding whether a hypothetical hourly rate of $675.00 is reasonable in this case, the Court starts with the premise set forth in *Hayes* — "a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." 923 F.2d at 422. The Sixth Circuit reaffirmed this approach in *Lasley*, 771 F.3d at 309-310.

Although this test sounds fairly easy to apply, its outcome hinges on the question of what constitutes the "standard rate." As several courts have noted in resolving fee disputes, almost all attorneys who handle social security appeals take these cases solely on a contingency fee basis. Accordingly, these attorneys have no documented "standard" hourly rate. *Ringel v. Comm'r of Soc. Sec.*, 295 F. Supp. 3d 816, 829 (S.D. Ohio 2018); *Scappino v. Comm'r of Soc. Sec.*, No. 1:12-cv-2694, 2015 WL 7756155, at *3 (N.D. Ohio Dec. 1, 2015).

In *Ringel*, Magistrate Judge Bowman advocated that, "in the absence of evidence of counsel's normal billing rate for comparable, noncontingent work," the EAJA rate should be used. 295 F. Supp. 3d at 831. She found that *Lasley* "recognized and affirmed this Court's use of an EAJA rate as the 'standard rate' in

5

the Southern District of Ohio." *Id.* She further noted that using the EAJA "assures consistency" and reduces the complexity of the § 406(b) analysis. *Id.* at 829.

Magistrate Judge Bowman then suggested that, if a fee request exceeds the *Hayes* floor, the Court should consider the following factors in determining whether a reduction is warranted:

> (1) the number of years that past benefits have accrued and whether extraordinary delay has resulted in an inordinately large past-due benefits award (without regard to any fault of counsel); (2) the quality and quantity of hours, including the typicality of claims, the efficiency of the attorney performing those hours, and any non-compensable work; (3) the extent to which counsel has compromised the fee; and (4) whether the motion is opposed by the Commissioner, and/or any other factors that provide a reasoned basis for the exercise of discretion.

*Id.* at 842. The greater the gap between the *Hayes* floor and the hypothetical hourly rate, "the more closely an award should be reviewed for windfall." *Id.* at 833.

Although most appreciative of Magistrate Judge Bowman's efforts to bring some consistency to this District's awards of attorney fees under § 406(b), the undersigned respectfully disagrees with her conclusion that the EAJA rate should be used as the "standard rate" for purposes of calculating reasonable attorney fees under § 406(b).

The EAJA fee is limited by statute to $125.00 per hour, adjusted for inflation or a special factor such as limited availability of qualified attorneys. *See*

6

28 U.S.C. § 2412(d)(2)(A).[1] Attorney fees under 42 U.S.C. § 406(b) face no similar limitation. As one judge in the Northern District of Ohio has noted, EAJA fees are "subject to a different analysis than fees under § 406(b)." *Scappino*, 2015 WL 7756155, at *3. In *Scappino*, the court rejected the Commissioner's request to use the EAJA hourly rate of $177-183 as a baseline for assessing the reasonableness of attorney fees under § 406(b). It instead approved a hypothetical hourly rate of $745.86, more than twice the normal hourly rate of $350.00 charged by plaintiff's counsel. *Id.* at **3-4.

Moreover, as Magistrate Judge Ovington noted in *Pierce v. Colvin*, No. 3:10-cv-349, 2016 WL 1294554, at *2 (S.D. Ohio Apr. 4, 2016), "*Lasley* did not hold that the hourly rate counsel sought in her EAJA motion is the standard rate upon which to calculate § 406(b) fees." It merely cited to one case in which the court had relied on EAJA rates. *Id.* at *2. Although the EAJA rate "may sometimes be an appropriate starting point, is not the ending point of the reasonableness analysis." *Id.* at *3. For example, the *Lasley* court also considered other factors, such as the delay in filing the motion, the Commissioner's opposition to the fee, and the relative simplicity of the case.

In *Pierce*, Magistrate Judge Ovington found that "the fluctuating, risk-driven nature of contingency fees" counseled against using the EAJA rate in determining reasonable fees under § 406(b). *Id.* Contingent fee agreements, which are the

---

[1] As previously noted, the parties in this case stipulated to an EAJA hourly rate of $163.81.

7

norm in social security cases, often result in large hourly rates, but in these types of cases, attorneys "will not prevail every time. . . Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast." *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990). The *Hayes* approach, deeming a hypothetical hourly rate that is less than twice the standard rate to be *per se* reasonable, 923 F.2d at 421, accounts for this risk. However, it says nothing about how the "standard rate" should be determined.

The statutory EAJA fee of $125.00, adjusted for inflation, does not in any way take into account the skill and experience of the attorney. If the EAJA rate were used to determine the "standard rate" in the context of each §406(b) fee application, all attorneys, regardless of skill or experience, would be subject to the same hourly rate. Such an approach would very likely discourage experienced attorneys from representing social security claimants.

Plaintiff's counsel in this case has nearly 45 years of experience in social security law, and is a recognized specialist in this field. Doc. #19-1, PageID#786. In the Court's view, assigning a value of just $163.81 per hour to his services results in an injustice, not to mention an insult. According to an Ohio State Bar Association survey conducted in 2013, the hourly billing rate for attorneys in social

security cases ranged from $210-350.[2] With his many years of experience, Plaintiff's counsel would almost certainly fall at or near the near the top of that hourly range. Moreover, given that those survey results are now five years old, hourly rates have likely increased since then.

Counsel's requested hypothetical hourly fee in this case--$675.00--is less than two times the hourly rate at the top of that survey range. As such, under *Hayes*, it is presumptively reasonable. 923 F.2d at 421. As counsel notes, judges in this District have repeatedly awarded him hypothetical hourly rates well above $500.00, and have rejected any suggestion that this would constitute a windfall. *See, e.g., Pencil v. Astrue*, No. 3:10-cv-394 (S.D. Ohio Sept. 24, 2012) (Black, J.) (awarding hypothetical hourly rate of $546.32); *Kitchen v. Comm'r of Soc. Sec.*, No. 3:09-cv-193 (S.D. Ohio March 19, 2013) (Rice, J.) (awarding hypothetical hourly rate of $548.59); *Metz v. Comm'r of Soc. Sec.*, No. 3:11-cv-391 (S.D. Ohio May 12, 2014) (Black, J.) (awarding hypothetical hourly rate of $780.25). *See also Hall v. Colvin*, No. 3:11-cv-571, 2016 WL 792415, at *3 (E.D. Tenn. Feb. 29, 2016) (rejecting the argument that a hypothetical hourly rate of $799.23 constituted an undeserved windfall where counsel was able to obtain nearly $100,000 in past due benefits).

Magistrate Judge Ovington properly found that no reduction is warranted in this case. Plaintiff and his attorney entered into a contingent-fee agreement

---

[2] *See* The Economics of Law Practice in Ohio in 2013, Ohio State Bar Association, https://www.ohiobar.org/NewsAndPublications/Documents/OSBA_EconOfLawPracticeOhio.pdf, at 40.

9

whereby Plaintiff agreed to pay attorney fees equal to 25% of any lump sum that was awarded to him. Plaintiff's counsel agreed to take the case, knowing that there was a chance he would recover nothing. Counsel was able to convince the Court that a remand was appropriate, and this remand resulted in the award of $94,243.00 in past-due benefits.

True, the size of the award was due in large part to the amount of time that elapsed between the date of the application and the date that benefits were finally awarded. That delay, however, was not the fault of counsel. In addition, even though the case may not have been overly complex or time-consuming, counsel did achieve an excellent result for his client. Moreover, although counsel was contractually entitled to $23,560.75 in attorney fees, he has reduced his request to $17,550.00. In the Court's view, under the circumstances presented here, this does not constitute a windfall.

## C.

For these reasons, the Court ADOPTS Magistrate Judge Ovington's Report and Recommendations, Doc. #22, and OVERRULES the Commissioner's Objections thereto, Doc. #23. The Court SUSTAINS Plaintiff's Motion for Allowance of Attorney Fees, Doc. #19, and AWARDS Plaintiff's counsel $17,550.00 under 42 U.S.C. § 406(b). Plaintiff's counsel shall REFUND to Plaintiff the $4,300.00 previously paid under the EAJA.

10

This case shall remain terminated on the Court's docket.

Date: June 15, 2018

WALTER H. RICE
UNITED STATES DISTRICT JUDGE